Nina SHAHIN, Appellant

v.

State of DELAWARE DEPARTMENT OF FINANCE.

No. 09–1656.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 16, 2009.

Filed: Sept. 14, 2009.

Nina Shahin, Dover, DE, pro se.

Laura L. Gerard, Esq., Department of Justice, Wilmington, DE, for State of Delaware Department of Finance.

Before: MCKEE, FISHER and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Nina Shahin, proceeding *pro se,* filed the underlying action alleging employment discrimination against the Department of Finance for the State of Delaware ("Delaware"). She alleges Delaware discriminated against her on the basis of age in December 2004 when it decided not to employ her. She later filed an amended complaint, which included ten additional alleged incidents of discrimination. In March 2008, the District Court granted in part and denied in part Delaware's motion to dismiss. The court denied the motion to the extent it that sought dismissal of Shahin's request for prospective injunctive relief, and granted it in all other respects. The court also denied Shahin's second motion to amend the original complaint as moot and her request for waiver of costs, and ordered that her amended complaint be stricken. Shahin appealed, and we dis-

missed the appeal for lack of jurisdiction pursuant to 28 U.S.C. § 1291.

Delaware filed a motion for reargument, which the District Court treated as a motion for reconsideration, to which Shahin did not respond. Shahin filed motions to consolidate cases and for sanctions against counsel for Delaware. On February 25, 2009, 2009 WL 463969, the District Court granted Delaware's motion for reconsideration and dismissed the case, declining to exercise jurisdiction over any supplemental state law claims. The court also denied Shahin's motions as moot. Shahin timely appealed.

In this case, our review of the District Courts' orders is plenary.[1] *See Santiago v. GMAC Mortg. Group, Inc.,* 417 F.3d 384, 386 (3d Cir.2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

■ A complaint brought under the Age Discrimination in Employment Act ("ADEA") "will be dismissed for failure to exhaust administrative remedies if a supporting EEOC charge was not filed within 180 or 300 days (depending on state law) of notification to the employee of the adverse employment action." *Ruehl v. Viacom, Inc.,* 500 F.3d 375, 382 (3d Cir.2007); 29 U.S.C. § 626(d). This requirement is a "non-jurisdictional prerequisite." *Ruehl,* 500 F.3d at 384. The record reveals that Shahin exhausted only the claim that is the subject of her original complaint. The District Court, therefore, properly struck the amended complaint, which attempted to add ten additional and unexhausted claims. Likewise, the court properly exercised its discretion in denying Shahin's second motion to amend the complaint to add additional unexhausted claims because such an amendment would have been futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ Shahin alleges that Delaware discriminated against her on the basis of age, in violation of the ADEA, and she seeks damages and injunctive relief. The ADEA includes in its definition of employer "a State or political subdivision of a State and any agency ... of a state." 29 U.S.C. § 630(b)(2). However, the Supreme Court has held that, in the ADEA, Congress did not validly abrogate the states' sovereign immunity to suits for money damages by private individuals under the Eleventh Amendment. *Kimel v. Fl. Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). The Eleventh Amendment permits suits for prospective injunctive relief against state officials. *Ex Parte v. Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). However, this doctrine "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (citations omitted). Shahin filed her suit against the Department of Finance and did not name any state officials.[2] Therefore, the District

---

**1.** We generally review a district court's decision on a *motion for reconsideration* for abuse of discretion. *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 673 (3d Cir.1999). However, where, as in the instant appeal, the decision is "predicated on an issue of law, such an issue is reviewed *de novo ....*" *Id.*

**2.** As discussed above, Shahin attempted to amend her complaint to include claims

Court correctly dismissed this action.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

against state officials, but failed to exhaust her administrative remedies as to those claims.